1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA
10

11  ROBERTO HERRERA,                    )  Case No.  CV 14-4508-JAK (DTB)
                                        )
12                      Petitioner,     )
            vs.                         )  ORDER SUMMARILY DISMISSING
13                                      )  PETITION FOR WRIT OF HABEAS
    D. DAVEY, Warden,                   )  CORPUS FOR LACK OF SUBJECT
14                                      )  MATTER JURISDICTION
                        Respondent.     )
15                                      )
                                        )
16  ─────────────────────────────────  )

17        On June 11, 2014, petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ
18  of Habeas Corpus by a Person in State Custody herein.  It appears from the face of the
19  Petition that it is directed to the same Los Angeles County Superior Court conviction
20  as the prior habeas petition filed by petitioner in this Court on November 5, 2012, in
21  CV 12-9457-JAK (DTB).  On May 31, 2013, Judgment was entered in CV 12-9457-
22  JAK (DTB), denying the petition on the grounds that it was untimely and dismissing
23  that action with prejudice.  Petitioner filed a notice of appeal from the Judgment
24  entered in CV 12-9457-JAK (DTB) on June 12, 2013, and on April 7, 2014, the Ninth
25  Circuit Court of Appeals denied petitioner's request for a certificate of appealability.
26        The Petition now pending is governed by the provisions of the Antiterrorism
27  and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act")
28  which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C.

1

§ 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Thus, it appears that the Petition now pending constitutes a second and/or successive petition challenging the same conviction as petitioner's prior habeas petition referenced above, within the meaning of 28 U.S.C. § 2244(b).  While petitioner maintains that the dismissal of his previous petition in CV 12-9457-JAK (DTB) on the grounds of untimeliness was not an adjudication on the merits and,

2

therefore, the instant Petition is not second or successive (Pet. at 13, 14), he is mistaken; the dismissal of a habeas petition on the basis of untimeliness has been found by the Ninth Circuit to be a decision on the merits, thereby rendering successive petitions second or successive.  (McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009)  As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: July 2, 2014

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE


Presented by:

_____
David T. Bristow
United States Magistrate Judge

3